UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO FERNANDEZ,

    Plaintiff,

v.                                  Case No.: 8:05-cv-1886-T-17EAJ

VALLEY FORGE LIFE INSURANCE
COMPANY, a Foreign Corporation,
and CNA FINANCIAL CORPORATION,
a Foreign Corporation,

    Defendants.

_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the Defendant's, Valley Forge Life Insurance Company, a Foreign Corporation, Motion to Dismiss Count II (Promissory Estoppel) and Count III (Equitable Estoppel) of the Plaintiff's Complaint together with its memorandum of law in support thereof for failure to state a cause of action upon which relief can be granted, filed on October 18, 2005, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 6). Also before this Court is the Plaintiff's response thereto, filed on November 2, 2005 (Dkt. 10).

    **I.**     **BACKGROUND/ PROCEDURAL HISTORY**

The Plaintiff in this action, Antonio Fernandez, filed his complaint on October 11, 2005, for Count I, breach of contract, Count II, Estoppel, and Count III, Equitable Estoppel, and Count IV, Vicarious Liability.

Defendants, Valley Forge Life Insurance Company (hereinafter "Valley Forge"), and CNA Financial Corporation (hereinafter "CNA") are Illinois corporations, licensed to do business in Pinellas County, Florida. Plaintiff, Antonio Fernandez, purchased a Flexible Premium Adjustable Life Insurance policy numbered 82027507 with death benefit of two million four hundred thousand dollars on June 28, 1986. The policy is owned by the Antonio Fernandez Irrevocable Trust.

Plaintiff alleges that on March 7, 2005, Valley Forge and CNA caused the policy to terminate without value in violation of the terms of the policy causing plaintiff to lose all value and benefit of the policy which had been in existence for nineteen years. As to Count II, Plaintiff alleges that on March 14, 2005, the Trustee mailed a draft in the amount of $6,161.94 to Valley Forge to be applied towards the policy. Valley Forge accepted and deposited this payment and, according to Plaintiff, enjoyed the benefits and use thereof, until April 9, 2005, when Valley Forge returned a separate draft in the amount of $6,161.94 to the Trust along with correspondence indicating that Valley Forge was as of that date still considering whether to reinstate coverage.

As to Count III, Plaintiff further alleges that on December 28, 2004, the Policy balance was approximately $2,000.00, and that the terms of the policy required payment of $6,161.94 quarterly. According to Plaintiff, Valley Forge retained the use and benefit of this amount until the present day.

Case No.: 8:05-cv-01886-EAK-EAJ

## II. STANDARD OF REVIEW

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. (Fed. R. Civ. P. 12 (b)(6)). Under 12 (b)(6), a cause of action should only be dismissed for failure to state a claim when it appears, beyond doubt, that the plaintiff will be unable to prove a set of facts in support of a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Case No.: 8:05-cv-01886-EAK-EAJ

### III.     DISCUSSION

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as a matter of law for Counts II and III for failure to state claims upon which relief can be granted.

#### A.   Count II: Estoppel

Defendant seeks to dismiss Count II of Plaintiff's complaint based on the premise that the complaint on its face clearly shows a legal remedy, and, therefore, should preclude recovery under estoppel theory. Florida law recognizes that breach of contract and promissory estoppel are alternatives for each other. *Doe v. Univision Television Group, Inc.*, 717 So.2d 63,65 (Fla. 3d DCA 1998). "The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice. *Id.*

In response, Plaintiff correctly notes that a motion to dismiss a claim for promissory estoppel is premature prior to a showing that an express contract exists. *Mobile Oil Corp. v. Dade County Esoil Management Company, Inc.*, 982 F.Supp. 873 (S.D. Fla. 1997). Therefore, a plaintiff may plead breach of contract claims and promissory estoppel in the alternative. *Doe, Supra.* Accordingly, Motion to Dismiss Count II of Plaintiff's complaint is denied.

#### B.  Count III: Equitable Estoppel

Defendant also seeks to dismiss Count III of Plaintiff's complaint based on the same premise as above that if a complaint on its face asserts an adequate legal remedy, equitable remedies are not available. *See H.L. McNorton v. Pan American Bank of Orlando*, 387 So.2d 393, 399 (Fla. 5th DCA 1980). Furthermore, Defendant seeks to dismiss Count III of Plaintiff's complaint based on failure to assert a claim upon which relief can be granted. The court in *Delco Oil v. Pannu*, stated that equitable estoppel is based on the principles of fair play and a sense of justice that arises when one party lulls another into a disadvantageous legal position. *Delco Oil v. Pannu*, 856 So.2d 1070 (Fla. 5th DCA 2003). The Florida Supreme Court in the case of *State ex rel Watson v. Gray*, 48 So.2d 84, 87-88 (Fla. 1950) defined equitable estoppel as follows:

> Equitable estoppel is the effect of the voluntary conduct of the party whereby he is absolutely precluded both at law and in equity,

Case No.: 8:05-cv-01886-EAK-EAJ

> from asserting rights which perhaps have otherwise existed, either of property or of contract, or of remedy, as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property or of contract or of remedy.

Defendant asserts that, first, the Plaintiff fails to identify any conduct on behalf of Defendant which caused detrimental reliance by the Plaintiff. Second, the Plaintiff fails to allege how the Plaintiff has experienced detrimental reliance. And third, the Plaintiff fails to show that he is precluded at both law and equity from pursuing a remedy against Defendant.

In its Response to the Motion to Dismiss, the Plaintiff does not state any reason why Count III of the Plaintiff's Complaint should not be dismissed, nor does the Plaintiff identify any conduct, reliance, or how he is precluded at both law and remedy as pointed out by Defendant. The Court, therefore, dismisses Count III of the Plaintiff's Complaint. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss Counts II and III of Plaintiffs' claim be **DENIED in part and GRANTED in part and Count III of the complaint be dismissed with prejudice.**

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 15th day of June 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record