**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTONIO FERNANDEZ,

Plaintiff,

v. Case No.: 8:05-cv-1886-T-17EAJ

VALLEY FORGE LIFE INSURANCE COMPANY, a Foreign Corporation, and CNA FINANCIAL CORPORATION, a Foreign Corporation,

Defendants.

_________________________________/

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This cause is before the Court on the Plaintiff's, Antonio Fernandez, Motion to Amend Complaint to Join Roberto I. Alonso as a Defendant and Motion to Join the Antonio Fernandez Irrevocable Trust, Javier Meana, Trustee as a Plaintiff to the Instant Action, filed on February 16, 2006, pursuant to Fed.R.Civ.P. 15(a) (Dkt. 16). Also before this Court is the Defendants' Opposition to Plaintiff's Motion to Amend Complaint, filed on March 6, 2006 (Dkt. 17). The motion to amend complaint is denied in part and granted in part.

## I. PROCEDURAL HISTORY

The Plaintiff in this action, Antonio Fernandez, filed his complaint on or about September 22, 2005, in the Sixth Judicial Circuit alleging wrongful termination of a life insurance policy issued to Antonio Fernandez for Count I, breach of contract, Count II, Estoppel, and Count III, Equitable Estoppel, and Count IV, Vicarious Liability. The Plaintiff is a resident of the state of Florida. The Defendants, Valley Forge Life Insurance Company (hereinafter "Valley Forge"), a Pennsylvania corporation, and CNA Financial Corporation (hereinafter "CNA") an Illinois corporations, are both foreign corporations licensed to do business in Pinellas County, Florida. The instant action was timely removed on October 11, 2005, by the defendant Valley Forge to the United States District Court for the Middle District of Florida, Tampa Division based on diversity of jurisdiction.

Subsequent to the case being removed to Federal Court, the Plaintiff learned of Robert I. Alonso (hereinafter "Alonso"), who sold the life insurance policy in question. The Plaintiff alleges that Alonso "may be liable to the Plaintiff for some or all of the damages as set forth in the proposed Amended Complaint," and, therefore, should be joined as a defendant to the instant action. Furthermore, the Plaintiff seeks to join the Antonio Fernandez Irrevocable Trust (hereinafter "Trust"), with Javier C. Meana, serving as trustee, as a plaintiff to the instant action. The Plaintiff wishes to amend his complaint to add Count IV, breach of contract against Alonso, and Count V, negligence against Alonso. The Defendants oppose the Plaintiff's Motion to Amend the Complaint, as such amendment would defeat diversity jurisdiction and remand the case back to state court.

## II. BACKGROUND HISTORY

The instant controversy involves the lapse for nonpayment of a flexible premium adjustable life insurance policy with a death benefit of $2,000,000.00 that was issued on June 28, 1986, insuring the life of Antonio Fernandez. The Plaintiff alleges that on March 7, 2005, Valley Forge and CNA caused the policy to terminate without value in violation of the terms of the policy, causing the Plaintiff to lose all value and benefit of the policy, which had been in existence for nineteen years.

With the type of policy in question, all payments to the policy are deposited into the Accumulation Account. The cost of insurance and the expense charges are then deducted monthly from the Accumulation Account, which draws interest. The unique nature of this type of policy allows the policy owner to determine the amount and frequency of the initial payment and planned periodic premium payments at the time of policy issue, as well as to change the amount and frequency of the planned periodic premium payments. When the planned periodic premium payments and interest accumulations are not adequate to pay the cost of insurance charges and policy expenses, the Accumulation Account is reduced by the net amount still due. The policy lapses when the cash surrender value is depleted. The policy provides a grace period of 61 days with notification after which if the premium is still not paid, all coverage under the policy will terminate without value.

Antonio Fernandez had been making quarterly premium payments of $6,161.94, with premium notices and correspondence being directed to the address on file of 520 Rafael Blvd. NE, St. Petersburg, Florida 33704 c/o Javier C. Meana. On December 28, 2004, Valley Forge sent the quarterly renewal premium notice to the same address of record, however it did not receive a payment. On January 28, 2005, the policy entered its grace period because there was insufficient value in the Accumulation Account for the monthly cost of insurance and expense deductions. In the March 7, 2005, termination notice, Valley Forge offered the Plaintiff an opportunity to apply for reinstatement of the policy. Subsequent to an underwriting review, Valley Forge issued a letter dated April 29, 2005, indicating that reinstatement would be declined based on the information received from Antonio Fernandez's attending physician, Dr. Kathleen Berry.

Alonso, the proposed defendant in the Plaintiff's Motion to Amend, acted as a servicing agent on the policy and periodically assisted the Plaintiff in obtaining policy forms, illustrations and the like from Valley Forge.

**III. STANDARD OF REVIEW**

Parties may amend their pleadings by leave of court, and the court should grant leave "when justice so requires." Fed. R. Civ. P. 15(a). However, the court should deny leave to amend when the proposed amendment would be futile. Diesel "Repower," Inc. v. Islander Investments, Ltd., 271 F.3d 1318, 1322 (11th Cir. 2001); Forman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it is insufficient as a matter of law. Burger King v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999).

**IV. DISCUSSION**

The Plaintiff filed Motion to Amend Complaint to Join Roberto I. Alonso as a Defendant for Count IV, breach of contract, and Count V, negligence, and Motion to Join the Antonio Fernandez Irrevocable Trust, Javier Meana, Trustee as a Plaintiff to the Instant Action pursuant to Fed.R.Civ.P. 15(a).

E. ROBERTO I. ALONSO

1. Count IV: Breach of Contract as Against Robert I. Alonso

The Plaintiff seeks to join Roberto I. Alonso as a defendant for Count IV, breach of contract and alleges that Alonso failed to provide Antonio Fernandez or the Trustee with notice of the cancellation, and, thus, breached a duty owed to the Plaintiff. In its support, the Plaintiff cites *Thal v. Shiman*, stating that "If the insurance is cancelled, the agent is under a duty to notify the insured of cancellation…" 524 So.2d 1156, 1157 (Fla. 3d DCA 1988). However, the Plaintiff fails to point out that the *Thal* court did not finish its analysis here. The court continued the sentence about insurance cancellation by stating, "…and if he fails to do so, may be held to have breached such duty unless it is made to appear that the insured knew or reasonably should have known of the cancellation from sources other than by being informed by the agent." *Id.*

The Defendants contend that the Plaintiff has failed to plead what provisions of the contract Alonso has breached, and failed to show how Alonso is in contractual privity with the Plaintiff. The Defendants, thus argue, that absent a showing of contractual privity with Alonso, the Plaintiff has no standing to sue. *See, for example, Gallagher v. Dupont*, 918 So.2d 342 (Fla. 5th DCA 2005).

However, even if this Court accepts the Plaintiff's proposition that Alonso did have a duty to notify the Plaintiff of the policy cancellation, no breach of that duty occurred. Here, the policy that the Plaintiff signed provided that all notices to the policy changes will be sent by mail to the policy holder's last known address. Because notices of policy termination were sent to the Plaintiff's address, he either knew or reasonably should have known of the policy cancellation. Therefore, under the *Thal* analysis, Alonso did not breach the alleged duty to the Plaintiff.

2. Count V: Negligence as Against Robert I. Alonso

The Plaintiff further seeks to join Roberto I. Alonso as a defendant for Count V, negligence. The Plaintiff asserts that Alonso undertook to provide the Plaintiff with information regarding the potential cancellation of the Policy, and therefore, created a duty to the Plaintiff to provide him with the appropriate notices so as to prevent such cancellation. The Plaintiff relies on *Sheridan v. Greenberg*, "one who undertakes,

gratuitously or for consideration, to render service to another which he should recognize as necessary for the protection of the other's person is subject to liability for harm suffered because of the other's reliance on the undertaking." 391 So.2d 234, 236 (Fla. 3d DCA 1980).

The Court is not convinced that Alonso created the alleged duty to the Plaintiff. In the amended complaint the Plaintiff does not provide a factual basis to establish how Alonso undertook to provide the Plaintiff with information about policy cancellation, especially given that this particular insurance policy provided all of its notices directly to the insured by mail.

Finally, the Defendants argue that because the Plaintiff cannot successfully establish a cause of action against Alonso under any colorable claim, the joinder of Alonso in this case is patently fraudulent. It is well settled that a plaintiff cannot defeat federal diversity by joining a non-diverse defendant having no real connect with the controversy. *Wilson v. Republic Iron and Steel Company*, 257 US 92, 97 (1921).

The Plaintiff's pleadings lack any connection, tenuous or otherwise, between Alonso, as the selling agent of the Plaintiff's policy and the policy's lapse for non-payment of premium. The grounds for denying the Plaintiff's Motion, however, go far beyond the Plaintiff's failure to articulate a cause of action against Alonso. The sole design of the joinder is for the Plaintiff to gain entry back into state court.

F. ANTONIO FERNANDEZ IRREVOCABLE TRUST, JAVIER MEANA, TRUSTEE

The Plaintiff further seeks to join the Antonio Fernandez Irrevocable Trust, Javier Meana, Trustee, as a plaintiff in the instant action. The Plaintiff does not provide a reason for joining the Antonio Fernandez Irrevocable Trust, Javier Meana, Trustee, except that the Trust is the policy owner. The Defendants, however, do not discuss or object to such joinder. The Court will therefore grant the Plaintiff's motion to join Antonio Fernando Irrevocable Trust, with Javier Meana, as Trustee. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Amend the Complaint be **DENIED in part and GRANTED in part** and Antonio Fernando Irrevocable Trust, with Javier Meana, as Trustee is joined as a party plaintiff.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 7th day of December 2006.




Copies to: All parties and counsel of record